ENRIQUE CARRILLO, recurrente, *v*. EL REGISTRADOR DE LA PROPIEDAD DE HUMACAO, SUSTITUTO, recurrido.

Núm. 987.—*Sometido:* Julio 19, 1937. *Resuelto*: Noviembre 23, 1937.

*Rafael S. Vidal,* abogado del recurrente;

EL JUEZ ASOCIADO SEÑOR WOLF emitió la opinión del tribunal.

Mario Fuentes Morales, como alcalde de la ciudad de Humacao, y los esposos Carrillo Pérez otorgaron una escritura el 9 de diciembre de 1936. En ella se hace constar que el municipio de Humacao es dueño de dos fincas y que los esposos Carrillo Pérez son dueños en pleno dominio de otra parcela de terreno. El párrafo cuarto de la escritura lee así:

"Que teniendo las partes convenido un contrato de arrendamiento, lo llevan a efecto bajo las cláusulas siguientes:

"PRIMERA:     .     .     .     .     .     .     ."

Por la cláusula primera a que se hace referencia se ceden en arrendamiento a Enrique Carrillo las dos parcelas perte-

necientes al municipio. En la escritura se hace constar entonces que cada una de dichas parcelas es arrendada por el término de seis años; que en cuanto a la finca marcada letra "A" el municipio conviene en que se entenderá concedido el usufructo a favor de Carrillo si éste fabrica dentro del término del arrendamiento; que en cuanto a la finca descrita bajo la letra "B" el municipio se reserva el derecho de rescindir el contrato de arrendamiento si decide en cualquier momento construir en el mismo una plaza de mercado.

En consideración al llamado contrato de arrendamiento a que antes se hace referencia los citados esposos traspasaron a la ciudad la propiedad específica a que hemos aludido.

El registrador denegó la inscripción en los siguientes términos:

"DENEGADA la inscripción que se solicita de este documento, con vista de una resolución número 30 de la Hon. Asamblea Municipal de Humacao sobre ratificación, y respecto al contrato de arrendamiento de las fincas letras 'A' y 'B' PORQUE dicho arrendamiento no se ha llevado a efecto mediante la pública subasta que prescribe el inciso 5 del artículo 8 de la vigente ley municipal aprobada el 28 de abril de 1928, y PORQUE la mencionada resolución número 30, como consecuencia de ese defecto carece de eficacia y valor, pues la misma no puede dar validez a un acto que es nulo de acuerdo con la ley. En su lugar se toman anotaciones preventivas de acuerdo con la ley sobre recursos contra las resoluciones de los Registradores de la Propiedad, por el término legal de 120 días. . . ."

En apelación, Carrillo sostiene que aunque por su forma el contrato celebrado por las partes fué calificado de arrendamiento, la escritura en realidad era una escritura en que se concedía un derecho de usufructo.

El registrador sostiene que en todo el documento se usa la terminología acostumbrada en los contratos de arrendamiento, pero que en ella no se expresa el propósito de constituir al presente un usufructo, aunque el mismo podría surgir eventualmente en lo que a la propiedad marcada con la letra "A" se refiere.

El alcalde no cedió los dos solares en usufructo. En

verdad, el convenio entre las partes demuestra que ellas habían arrendado y tenido el propósito de arrendar las fincas por un período de tiempo específico. De conformidad con las disposiciones del artículo 8, párrafo 5 de la Ley número 53 de 1928 (leyes de ése año, pág. 341), "no se podrá vender, arrendar, hipotecar, gravar, ni en modo alguno disponer de propiedad alguna municipal, sino mediante pública subasta, excepto en los casos en que expresamente se permita por esta Ley que se haga de otro modo, ni podrá permutarse dicha propiedad, sino por acuerdo de las dos terceras partes del número total de miembros de que se componga la asamblea municipal . . ."

Por tanto, en nuestra opinión, el caso es uno de *lex scripta*, toda vez que no se cumplieron las disposiciones del precepto de ley arriba copiado.

Tenemos alguna duda respecto a si el alcalde fué autorizado por la asamblea municipal, conforme exige el artículo 70 de la Ley Municipal, supra, para ceder terrenos en usufructo. La resolución número 30 de la asamblea municipal que figura en los autos lleva por título:

"Para aprobar los contratos de arrendamiento celebrados por el municipio de Humacao en relación con las fincas urbanas que se describirán más adelante."

Además, el segundo "Por cuanto" de dicha resolución lee así:

"Por cuanto esta Asamblea Municipal aprobó con fecha 15 de octubre de 1936, la Resolución Núm. 27, en virtud de la cual autorizó al Alcalde de Humacao, don Mario Fuentes Morales, a arrendar las referidas fincas urbanas en los términos y condiciones que estimara procedentes."

De los extractos anteriores no se desprende claramente que cediera al alcalde otra facultad que la de "arrendar" los terrenos del municipio.

*Por tanto, debe confirmarse la nota recurrida.*

El Juez Asociado Señor Córdova Dávila no intervino.